IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| PAUL EUGENE LAWSON, § | |
| TDCJ No. 0675063, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 7:19-cv-00016-M-BP |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Petitioner Paul Eugene Lawson's ("Lawson") Petition for Writ of Habeas Corpus filed February 8, 2019. (ECF No. 1). Lawson, an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas, brings this action pursuant to 28 U.S.C. § 2254. (*Id.*). On February 8, 2019, the petition was automatically referred to the undersigned for decisions as to non-dispositive matters and for findings and recommendations as to dispositive matters pursuant to Special Order No. 3-251. (*See* ECF No. 2). After considering the petition and applicable law, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **DENY** Lawson's petition for writ of habeas corpus (ECF No. 1).

In his petition, Lawson challenges the validity of disciplinary action no. 20180101771, which was taken against him at the Allred Unit for the offense of "Disciplinary Code 8.0 Riot." (ECF No. 1 at 5). Pursuant to the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID") Disciplinary Rules and Procedures for Offenders, a Level 1, Code 8.0

violation is "when an offender, with two or more persons, participates in conduct that creates danger of damage to property or injury to persons [sic] substantially obstructs the performance of unit operations." *Disciplinary Rules and Procedures for Offenders*, TDCJ-CID, https://www.tdcj.texas.gov/documents/cid/Disciplinary_Rules_and_Procedures_for_Offenders_English.pdf, at 33 (last visited March 13, 2019). Lawson states that his disciplinary case resulted in 30 days of good-time credit lost, 45 days of commissary and recreation restrictions, and a reset of his Line 3 custodial classification. (*Id*.). Lawson specifically notes in his petition that a reset of his Line 3 custodial classification prolongs by twelve months his ability to qualify for a custodial classification promotion. (*Id.*).

In support of his petition, Lawson claims that the hearing officer did not provide him an opportunity to review the video footage and did not allow him to cross-examine witnesses. (*Id*. at 6). He also claims there is insufficient evidence to support his disciplinary conviction. (*Id*.). Lawson seeks reversal of his disciplinary conviction, restoration of his good-time credits, and an upgrade in his custodial classification. (*Id.* at 7).

Lawson has failed to state a colorable claim for habeas corpus relief. He has no constitutionally protected interest in his custodial classification or in his good-time earning status. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (recognizing that "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [an inmate's] custodial status" and, thus, does not create a constitutionally protected liberty interest). Similarly, a reduction in good-time earning status will not support a due process claim because the timing of the inmate's release is too speculative to afford a constitutionally cognizable claim in a "right" to a time-earning classification. *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000).

Therefore, to the extent Lawson's custodial classification was to improve in the future, the reset of his Line 3 custodial classification does not warrant due process protection.

Lawson concedes that he is not eligible for mandatory supervised release. (ECF No. 1 at 5). Therefore, he had no constitutionally protected liberty interest at stake during the disciplinary proceeding. *See Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997) (holding that the state may create a constitutionally protected liberty interest requiring a higher level of due process where good-time credits are forfeited in a disciplinary action against an inmate eligible for mandatory supervised release). Absent such a liberty interest, due process does not attach to a prison disciplinary action.

The loss of recreation and imposition of a commissary restriction that Lawson sustained are changes in the conditions of confinement and do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that a prisoner's liberty interest is "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). Constitutional concerns could arise where restrictions on privileges represent atypical and significant hardship in relation to the ordinary incidents of prison life. However, temporary restrictions such as those imposed against Lawson do not raise such concerns.

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition for writ of habeas corpus be **DENIED**. In light of this recommendation, the undersigned **RECOMMENDS** that Lawson's motion and amended motion in intervention (ECF Nos. 7, 12), motion to join the real party in interest (ECF No. 19), and any similar motions filed after the entry of this recommendation be **DENIED** as moot.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed March 14, 2019.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE